# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES III,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:12-CV-00013-JCM-(GWF)

**ORDER**

    Petitioner, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1), a first amended application to proceed in forma pauperis (#2), and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, ___ S. Ct. ___, 2012 WL 43513, at *9 (2012). See also Nev. R. App. P. 4(b). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

    Pursuant to a plea agreement, petitioner was convicted in state district court of one count of conspiracy to possess stolen property and/or to commit burglary and two counts of possession of stolen property. The judgment of conviction was entered on January 5, 2009. Petitioner did not appeal, and the judgment of conviction became final on February 4, 2009. Petitioner then filed a motion to withdraw his guilty plea on March 17, 2009. The district court denied the motion, and petitioner appealed. The Nevada Supreme Court affirmed on May 7, 2010. Remittitur issued on June 2, 2010.[1] Petitioner then filed a post-conviction habeas corpus petition in the state district

---

[1] Petitioner has attached to the petition the decision of the Nevada Supreme Court, but that order does not state when petitioner filed the plea-withdrawal motion or when the remittitur issued. Consequently, the court takes judicial notice of the docket of the Nevada Supreme Court in Richards v. State, No. 53848, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=21618 (retrieved January 27, 2012).


court, on September 28, 2010.  The district court denied the petition.  Petitioner appealed.  On September 15, 2011, the Nevada Supreme Court held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726 because petitioner filed his petition more than one year after entry of the judgment of conviction.  Remittitur issued on October 12, 2011.  Petitioner mailed his federal habeas corpus petition to this court on December 28, 2011.

On its face, the petition is untimely.  The court will assume that the plea-withdrawal motion was a properly filed request for collateral review that tolled the period of limitation pursuant to 28 U.S.C. § 2244(d)(2).  See Wall v. Kholi, 131 S. Ct. 1278 (2011).  Between the finality of petitioner's judgment of conviction and the filing of his plea-withdrawal motion, 41 days passed.  The period of limitation was tolled while the plea-withdrawal motion was pending in the state courts, and then the period resumed after the Nevada Supreme Court issued its remittitur on June 2, 2010.  Petitioner's state habeas corpus petition did not toll the period of limitation pursuant to § 2244(d)(2) because it was untimely and not properly filed.  Pace, 544 U.S. at 417.  Between the conclusion of the plea-withdrawal motion in state court and the mailing of the federal petition to this court, 574 days passed.  A total of 615 non-tolled days have passed since the finality of the judgment of conviction, and that time exceeds the one-year period of limitation.  Petitioner will need to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) and the first amended application to proceed in forma pauperis (#2) are **GRANTED**.  Petitioner need not pay the filing fee of $5.00.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have 30 days from the date of entry of this order to show cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition. Respondents' counsel shall enter a notice of appearance within 20 days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED January 31, 2012.

                                          JAMES C. MAHAN
                                          United States District Judge