# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES III,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:12-cv-00013-JCM-GWF

**ORDER**

    Before the court are petitioner's motion for relief from judgment (#16), respondents' opposition (#23), and petitioner's reply (#27). The court is not persuaded by petitioner's argument, and the court denies the motion.

    The court had noticed upon its initial review of the petition (#4) that it appeared to be untimely pursuant to 28 U.S.C. § 2244(d)(1), and the court directed petitioner to show cause why the court should not dismiss the action. There were three factors in the court's initial determination. First, petitioner did not appeal from the judgment of conviction, and the judgment became final upon expiration of the time to appeal. Second, petitioner filed a motion to withdraw his plea, and the court assumed that the time spent on that motion was tolled pursuant to 28 U.S.C. § 2244(d)(2). Third, petitioner filed a state habeas corpus petition, which the state courts determined was untimely pursuant to Nev. Rev. Stat. § 34.726(1); that petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and was ineligible to toll the federal one-year period of limitation. Order (#3) (citing, among other decisions, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).

Petitioner filed a response (#7), arguing that the state courts erred in its determination that the state habeas corpus petition was untimely. Before he filed his state habeas corpus petition, he had filed a motion to withdraw his guilty plea in state court. He argued that the state courts should have tolled the time spent on the plea-withdrawal motion, and thus the state habeas corpus petition would have been timely.[1] Response, at 2-3 (#7). This court rejected that argument, because the Nevada Supreme Court's determination was the final word on the timeliness of the state petition. Order (#14) (citing Pace, 544 U.S. at 414).

Rule 60(b) of the Federal Rules of Civil Procedure allows the court to grant petitioner relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Petitioner now argues that he instructed his attorney at the time of sentencing, Kirk Kennedy, to appeal from the judgment of conviction, that Kennedy told him that he had appealed, but that Kennedy actually had not filed an appeal. Petitioner further argues that if Kennedy actually had appealed, then pursuant to Nev. Rev. Stat. § 34.726(1) the state-law one-year period of limitation would not have commenced until the Nevada Supreme Court issued its remittitur, and his state habeas corpus petition would have been timely. Then, if the state habeas corpus petition would have been timely, it would have been eligible for tolling pursuant to 28 U.S.C. § 2244(d)(2), and his federal habeas corpus petition would have been timely.

This is an entirely new argument. Originally, petitioner argued that the state courts applied state law incorrectly. Now, petitioner is arguing that counsel's failures led to the untimeliness of his state petition and, through that, his federal habeas corpus petition.

---

[1] As part of that argument, petitioner cited to the federal tolling provision, 28 U.S.C. § 2244(d)(2). That provision applies only to federal habeas corpus petitions filed in federal court.

1    None of the first five divisions of Rule 60(b) apply.  The argument that petitioner presents
now is an argument that he could have, but did not, present in his response (#7).  Rule 60(b)(1) does
not apply because the court gave him notice of the untimeliness of the petition and told him what to
do.  Rule 60(b)(2) does not apply because there is no new evidence that petitioner could not have
discovered earlier.  Rule 60(b)(3), (4), and (5) by their very terms are inapplicable to the motion
(#16).

As for Rule 60(b)(6), petitioner needs to show extraordinary circumstances why he did not
present his argument earlier.  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 535-36 (2005).  Petitioner has not
made any such attempt, and the court does not see any extraordinary circumstances.

Even if the court were to construe petitioner's motion (#16) as a motion to alter or amend the
judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the result would be the
same.  Such a motion for reconsideration is not the time or the method for presenting a new
argument to the court.  <u>See</u> <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).

Also before the court is petitioner's motion to correct or relief from judgment to correct
fraud or forgery of petitioner's search warrants (#18) and respondents' opposition.  As the title of
the motion indicates, petitioner is complaining about the process used to obtain a warrant to search
his house and the search itself.  This motion is irrelevant.  The court did not dismiss this action
because it determined that the search of petitioner's house was reasonable.  The court dismissed this
action because it was untimely.  A claim of unreasonable search and seizure, like any other federal
habeas corpus claim, is subject to the one-year period of limitation of 28 U.S.C. § 2244(d).

To the extent that a separate certificate of appealability is required to appeal from the denial
of either motion, reasonable jurists would not find the court's conclusions to be debatable or wrong,
and the court will not issue a certificate of appealability.

The court denies petitioner's motion for appointment of counsel (#17) because the court is
denying petitioner's other motions.

///

///

///

1   IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (#16), motion for appointment of counsel (#17), and motion to correct or relief from judgment to correct fraud or forgery of petitioner's search warrants (#18) are motion to correct or relief from judgment to correct fraud or forgery of petitioner's search warrants (#18) are **DENIED**.

   IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

   DATED: February 4, 2014.

                                            _____
                                            JAMES C. MAHAN
                                            United States District Judge