# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES III,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:12-cv-00013-JCM-GWF

**ORDER**

    Before the court are petitioner's motion to alter or amend (#29) and respondents' opposition (#30). The court has dismissed this action because it is untimely, and the court already has denied an earlier motion for relief from judgment.

    Petitioner argues that the court should grant him relief from the judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Rule 60(b)(4) allows relief from a void judgment. However, the judgment that petitioner argues is void is the judgment of conviction of the state court, because he argues that the search warrants were forged. Rule 60 is used for this court to grant relief from its own judgments, not judgments of state courts. Habeas corpus is the sole means that petitioner can gain relief in this court from the judgment of a state court. As the court has already explained in its denial of petitioner's earlier motion, a claim that the search warrant was forged is subject to the one-year statute of limitation of 28 U.S.C. § 2244(d)(1).

    Petitioner also argues that the court should grant him relief based upon Martinez v. Ryan, 132 S. Ct. 1309 (2012). Response, at 7-9 (#9). In Martinez, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320 (emphasis added). The distinction between procedural default and untimeliness is important. A claim is procedurally defaulted in federal court if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). In petitioner's case, procedural default is not the issue. The court has not determined that it cannot reach the merits of petitioner's claims due to state-court applications of state law. Rather, the court has determined that the federal habeas corpus petition is untimely because of application of federal law, 28 U.S.C. § 2244(d)(1). Martinez is inapplicable to petitioner's situation.

To the extent that a certificate of appealability is necessary, the court will not issue one.

IT IS THEREFORE ORDERED that petitioner's motion to alter or amend (#29) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED:  January 27, 2015.

_____
JAMES C. MAHAN
United States District Judge